25 C.C.P.A.(Patents)

## In re PETERSEN.

### Patent Appeal No. 3970.

Court of Customs and Patent Appeals.

March 28, 1938.

Raymond J. Mawhinney, of Washington, D. C., for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting the single claim—claim 7—in appellant's application for a patent for an alleged invention relating to improvements in collapsible tubes.

The claim reads: "7. In a collapsible tube having an opening, a neck integral with and extending about said opening and being hollow and in communication with 'the interior of the tube, said neck having a flat top wall with a *straight valve extension* projecting outwardly therefrom and said top wall having means of egress from said neck, said neck being externally threaded, a cylindrical cap having a side wall internally threaded to engage that portion of the neck which is threaded, said cap having a top wall extending at substantially right angles to the side wall of the cap, said top wall of said cap being provided with a substantially centrally located opening adapted to receive said valve extension and having a reduced recess extending outwardly of said threads in said cap and disposed axially of said cap opening, the portion of the top wall of said cap which extends from the side wall of said cap being of substantially uniform thickness, and a compressible gasket in said cap for engaging compressibly against the top wall of the neck and for sealing the means of egress from the neck, said gasket being snug*g*ly disposed in said recess, said extension having a length substantially equal to the thickness of the gasket and the cap whereby to eject the paste remaining in the opening upon turning of the cap to closed position." (Italics ours.)

The references are: Matzke (Gr.), 158,-784, March 3, 1905; Behrman, 1,357,024, October 26, 1920; Baltzley, 1,597,665, August 31, 1926.

The collapsible tubes to which this invention has reference are used for tooth pastes, shaving creams, oils, greases, and certain food products, such as fish pastes, etc. One of the purposes of appellant was to provide a tube which would be sealed airtight, by means of the screw cap. His structure is clearly set forth in the quoted claim, and need not be further described.

Counsel for appellant has clearly stated in his brief the advantages obtained by appellant's improved structure, and the reasons therefor. We quote: "Appellant's device requires that all residues of the paste be returned into the tube. While in the tube the paste is secure against the ravages and devastating action of the atmosphere because the atmosphere is excluded by the compressible gasket being forced by the screw action of the cap down upon and into the openings. No air is therefore allowed access to the interior of the tube. In appellant's Figure 2 the gasket completely occupies the space within the screw cap. This is necessarily so because the gasket is of compressible material. When the screw cap is screwed down to the closed position the gasket is compressed between the top of the screw cap and the wall 16 of the tube neck. Thus the gasket tends to squeeze out at its edges but here it is confined by the outer wall of the screw cap. The gasket thereupon tends to expand inwardly but here it is confined by the pin or projection. Therefore the compressible gasket entirely fills all the space within the screw cap when that screw cap is screwed down to the closed position shown in Figure 2. There is no room here for the lodgment of any of the paste. All the paste must be forced back into the tube. In the tube it is within the sealing protection of the gasket as heretofore stated. The straight-walled pin or projection snugly fits the openings in the gasket and screw cap right up to a flush position with the top of the cap. There is no room here for the lodgment of any of the paste."

The patent to Matzke relates to a closure for tubes, and discloses, among other things, a *cylindrical* or *"straight valve extension"* on the neck of his tube, which fits into an aperture in the screw cap to close the tube. (Italics ours.) With reference thereto, the patentee stated: " * * * in the closing of the tube closure a suitably shaped projection on the tube or on the neck of the tube enters the mouth opening of the closing cap and displaces and completely forces out the substance remaining behind in the mouth from the last extrusion so that this residual amount may be either at once or later with the amount earlier extruded whereby neither in the mouth opening nor on the closing cap after the closing of the latter is any substance left behind whereby to all disadvantageous consequences caused by the previous remaining behind of substance on the outside of the closure are entirely avoided."

The patentee also stated that, instead of being cylindrical in shape, the valve extension might, if desired, be partially conical.

The patent to Behrman relates to collapsible tubes and screw caps therefor. The patentee disclosed a tube having an aperture in the center of the top of the screw cap which is closed by a conical plug within the neck of the tube when the cap is screwed to a closed position. There are apertures shown in the neck of his tube to permit the flow of the contents of the tube into the screw cap. With reference to this patent, counsel for appellant states that its operation and performance is much like appellant's screw cap and tube, except that when the cap is screwed down "there is no gasket to seal the upper ends of the channels between the legs of the spanner." (A gasket is disclosed in the patent to Baltzley.)

The patent to Baltzley also relates to closures for tubes and the like, and discloses a structure similar to that of appellant, except for the shape of the valve extension.

With reference to the Matzke and Baltzley patents, the Board of Appeals said: "In our opinion the claim on appeal does not patentably distinguish from the Baltzley patent, especially when this patent is considered in connection with the other references referred to. *Baltzley shows a tube which fully meets the terms of the claim, except possibly the limitation in line 4 to the effect that the valve extension is 'straight'. The valve extension of Baltzley is cylindrical (which is what appellant means by straight) for a major portion of its length but the actual sealing takes place between the beveled edges at the end of this extension and a correspondingly beveled seat on the cap.* A further difference of no material importance relates to the uniform thickness of the top wall of the cap. Inasmuch as it is old in this art, as shown by the German patent to Matzke, *to make the valve extension of the tube neck cylindrical and close-fitting with respect to the aperture in the cap,* the limitation referred to is not sufficient to patentably distinguish the claim." (Italics ours.)

It is not contended by the Solicitor for the Patent Office that appellant's structure is anticipated by any one of the three references, and the tribunals of the Patent Office did not so hold.

The Board of Appeals held that the patent to Baltzley disclosed a tube on which the appealed claim reads, with the exception that the valve extension in the Baltzley disclosure is cylindrical or straight for but a major portion of its length but not

at the point where the sealing of the tube is effected. It was held, however, that it would not amount to invention to substitute the cylindrical or straight valve extension, disclosed in the patent to Matzke, for the valve extension in the patent to Baltzley.

At the time of the oral arguments in this court, counsel for appellant frankly stated that the real issue before us is whether it would involve invention to substitute the cylindrical valve extension of Matzke for the valve extension of Baltzley in the latter's structure.

We are in agreement with counsel that appellant's structure is an improvement over the prior art. We are unable to agree, however, that, with the prior art before him, it would require anything more than mechanical skill to substitute the cylindrical valve extension disclosed in the patent to Matzke for the valve extension of Baltzley in the latter's structure. We think that substitution would be sufficient to make the Baltzley structure conform to the appealed claim.

The decision is affirmed.

Affirmed.